IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS R. KIMES,

    Plaintiff,

vs.

ERIK K. SHINSEKI, Secretary,
U.S. Department of Veteran Affairs,

    Defendant.
_____/

No. CIV S-09-0853 GEB DAD PS

ORDER RE-SETTING STATUS
(PRETRIAL SCHEDULING)
CONFERENCE

        This case came before the court for a status (pretrial scheduling) conference on December 4, 2009, pursuant to the court's order in open court on July 31, 2009, and the court's written order filed September 14, 2009. At the status conference on July 31, 2009, plaintiff Curtis Kimes appeared on his own behalf, but no appearance was made on behalf of defendant Erik Shinseki. In the absence of evidence of proper service of process, the court continued the status conference to allow plaintiff additional time to effect service of process. On December 4, 2009, plaintiff Kimes again appeared on his own behalf, and again no appearance was made on behalf of defendant Shinseki.

        Prior to the status conference on December 4, 2009, the court reviewed all of the certificates of service filed by plaintiff and determined that plaintiff had not properly carried out service of process upon the defendant in accordance with Federal Rule of Civil Procedure 4(i).

1

1  The undersigned read aloud in open court the relevant portions of Rule 4 and now sets forth the

2  relevant portions below.

>   **To serve** a United States agency or corporation, or **a United States officer or employee sued only in an official capacity**, a **party must serve the United States <u>and</u>** also **send a copy of the summons and of the complaint by registered or certified mail to the** agency, corporation, **officer, or employee**.

Fed. R. Civ. P. 4(i)(2) (emphasis added).

>   **To serve the United States**, a party must:
>   (A)(i) **deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought** – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk –
>
>   <u>**or**</u>
>
>   (ii) **send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office**;
>
>   (B) **send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.**;
>
>   <u>**and**</u>
>
>   (C) if the action challenging an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1) (emphasis added).

Although it appears that copies of plaintiff's summons and complaint have been sent to defendant Shinseki by certified mail, as required by Rule 4(i)(2), there is no evidence that copies of the summons and complaint were served upon the United States Attorney for the Eastern District of California in Sacramento and the Attorney General of the United States in Washington, D.C., as required by Rule 4(i)(1) and (2).  Until service of process has been completed as described in Rule 4(i)(1) and (2), defendant is not obligated to respond to plaintiff's complaint, either by answer or by motion, and the defendant is not in default.  <u>See</u> Fed. R. Civ. P.

12(a)(2) ("The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint . . . within 60 days after service on the United States attorney.")

      Plaintiff has been advised – first by the court's initial order filed March 30, 2009, and again by the court's order filed September 14, 2009 – that an action may be dismissed against any defendant on whom service of process has not been completed within 120 days from the date the complaint was filed. Fed. R. Civ. P. 4(m). The rule states plainly that the court <u>must</u> dismiss a defendant not properly served with process within 120 days, unless the plaintiff shows good cause for the failure to effect service within 120 days. The court has twice found good cause, solely on the basis of plaintiff's pro se status, for an extension of plaintiff's time to effect service of process. Now that more than 240 days have elapsed since plaintiff filed his complaint, it is unlikely that good cause will be found a third time.

      Plaintiff asserted in open court on December 4, 2009, that he has never been advised of the availability of telephonic appearance before the undersigned. The court previously advised plaintiff of such availability in the order filed March 30, 2009, on page 2 at lines 15-16 ("Parties may choose to appear at the status conference in person or telephonically.") and again in the order filed September 14, 2009, on page 2 at lines 21-22 (same). In each order, the court also provided information about arranging telephonic appearance. Plaintiff is informed that telephonic appearance is also available for the hearing of any motion properly noticed for hearing before the undersigned.

      Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS ORDERED that:

      1. The Status (Pretrial Scheduling) Conference is re-set for **Friday, March 19, 2010, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Drozd.

      2. Plaintiff is cautioned that Rule 4(m) of the Federal Rules of Civil Procedure provides that an action must be dismissed, absent a showing of good cause, against any defendant

on whom service of process is not completed within 120 days from the date the complaint was filed.  The court having found good cause, plaintiff is granted a final extension of time of thirty days from the date of this order to effect proper service of process on the defendant in accordance with Rule 4(i).

       3.  Concurrently with service of process, or as soon thereafter as possible, plaintiff shall serve upon the defendant, including all persons on whom the complaint and summons are served pursuant to Rule 4(i), copies of all orders issued in this case, and plaintiff shall promptly file with the Clerk of the Court a certificate reflecting such service.

       4.  Plaintiff shall also serve on the defendant, including all persons on whom the complaint and summons are served pursuant to Rule 4(i), copies of the Notice of Availability of Magistrate Judge and the consent form issued by the Clerk of the Court on March 27, 2009.

       5.  Each party shall appear at the Status Conference, or at the hearing of any properly noticed motion, by counsel or, if proceeding <u>in propria persona</u>, on his own behalf.  Parties may choose to appear at status conferences and motion hearings in person or telephonically.  To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours before the Status (Pretrial Scheduling) Conference or motion hearing.

       6.  <u>Plaintiff shall file and serve a status report on or before **March 5, 2010**,</u> and defendant shall file and serve a status report on or before **March 12, 2010**.  Each status report shall address all of the following matters:

       a.      Progress of service of process;

       b.      Possible joinder of additional parties;

       c.      Any expected or desired amendment of pleadings;

       d.      Jurisdiction and venue;

       e.      Anticipated motions and the scheduling thereof;

       f.      Anticipated discovery and the scheduling thereof,

        including disclosure of expert witnesses;

    g.    Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

    h.    Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

    i.    Whether the case is related to any other case, including matters in bankruptcy;

    j.    Whether the parties will stipulate to the assigned magistrate judge acting as settlement judge, waiving any disqualification by virtue of his so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

    k.    Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

    l.    Any other matters that may aid in the just and expeditious disposition of this action.

7. Failure to file a timely status report or to appear at the status conference may result in sanctions. <u>See</u> Local Rules 110 and 183.

8. If defendant's response to plaintiff's complaint is a motion, plaintiff shall file opposition or a statement of non-opposition to the motion in accordance with Local Rule 230(c) and shall appear for the hearing of the motion either in person or telephonically. Information about access to the Local Rules for the United States District Court for the Eastern District of California may be obtained by calling the Clerk of the Court at (916) 930-4000.

DATED: December 7, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\kimes0853.ossc3