1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CURTIS R. KIMES,

11              Plaintiff,                    No. CIV S-09-0853 KJM DAD PS

12         vs.

13    ERIK K. SHINSEKI, Secretary,           ORDER AND
      U.S. Department of Veteran Affairs,
14                                           FINDINGS AND RECOMMENDATIONS
                   Defendant.
15    _____/

16              This matter came before the court on September 21, 2012, for hearing of

17    defendant's motion for summary judgment.  (Doc. No. 44.)  Assistant U. S. Attorney J. Earlene

18    Gordon, Esq., appeared on behalf of the defendant.  Plaintiff Curtis R. Kimes, appeared on his

19    own behalf.

20              Upon consideration of the parties' arguments on file and at the hearing, and for

21    the reasons set forth in detail on the record, the undersigned now finds good cause to modify the

22    scheduling order previously issued in this action.

23              In short, the pro se plaintiff has represented to the court that he believed he was

24    about to reach an agreement with counsel to represent him when the time came for his disclosure

25    /////

26    /////

                                     1

1  of expert witnesses on April 6, 2012 under the court's scheduling order.[1]  When that agreement

2  with counsel was unexpectedly not reached, on April 26, 2012, plaintiff filed a "Disclosure of

3  Expert Witnesses" listing Dr. Scott D. Christenson, M.D. as the expert witness he intended to

4  call at trial.  The disclosure indicated that Dr. Christenson is a Professor of Medicine at U.C.

5  Davis, had access to plaintiff's medical records and would testify on plaintiff's behalf with

6  respect to the medical treatment plaintiff received from the VA facilities at issue.  However, the

7  disclosure otherwise failed to comply with the requirements of Rule 26 of the Federal Rules of

8  Civil procedure.  Thereafter, no discovery was conducted by either party.  Instead, on August 24,

9  2012, defendants moved for summary judgment on the grounds that plaintiff had failed to present

10  a prima facie showing of medical malpractice supported by any expert opinion.

11          In light of plaintiff's pro se status, the serious nature of his allegations and his

12  good faith attempt to litigate this action on his own behalf, the undersigned concludes that this

13  matter, if possible should be resolved on the merits of plaintiff's claims based upon the evidence

14  and not based essentially upon plaintiff's failure to comply with the applicable rules of procedure

15  in disclosing an expert witness.  The court will therefore recommend that defendant's motion for

16  summary judgment be denied at this time to allow for the re-opening of discovery, without

17  prejudice to its renewal following the close of discovery.

18          Accordingly, pursuant to the provisions of Rule 16 of the Federal Rules of Civil

19  Procedure, IT IS ORDERED that:

20          1. A Status (Pretrial Scheduling) Conference is set for **Friday, November 2,**

21  **2012, at 10:00 a.m.**, in Courtroom No. 27, before the undersigned.

22          2. Any party may appear at the status conference telephonically.  To arrange

23  telephonic appearance, the party must contact Pete Buzo, courtroom deputy to the undersigned, at

24  (916) 930-4128 not later than 48 hours before the status conference.  A land line telephone

25  ───────────────────

26  [1]  Counsel for defendant disclosed two medical expert witnesses on April 20, 2012.  (Doc. No. 42.)

1   number must be provided for the court's use in placing a call to the party appearing

2   telephonically.

3          3.   Plaintiff shall file and serve a status report on or before **October 19, 2012,** and

4   defendant shall file and serve a status report on or before **October 26, 2012**.  Each status report

5   shall address all of the following matters:

6          a.   Anticipated motions and the scheduling thereof;

7          b.   Anticipated discovery and the scheduling thereof,

8                including disclosure of expert witnesses;

9          c.   Future proceedings, including the setting of

10               appropriate cut-off dates for discovery and for law

11               and motion, and the scheduling of a final pretrial

12               conference and trial;

13         d.   Whether the parties will stipulate to the assigned

14               magistrate judge acting as settlement judge, waiving

15               any disqualification by virtue of his so acting, or

16               whether they prefer to have a Settlement Conference

17               before another magistrate judge;

18         e.   Any other matters that may aid in the just and expeditious

19               disposition of this action.

20         4.   This status conference may be continued for a reasonable time on the written

21   request of either party.

22         5.   The parties are cautioned, however, that failure to file a status report or failure

23   to appear at the status conference may result in an order imposing an appropriate sanction.  See

24   Local Rules 110 and 183.

25         IT IS HEREBY RECOMMENDED that defendant's August 24, 2012 motion for

26   summary judgment (Doc. No. 44) be denied without prejudice to its refiling following the close

1  of discovery in this action.

2          These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4  days after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7  shall be served and filed within seven days after service of the objections.  The parties are

8  advised that failure to file objections within the specified time may waive the right to appeal the

9  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: October 1, 2012.

11

12                                          _____

13                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE
14

15

16  DAD:6
    Ddad1\orders.pro se\kimes0853.ossc5
17

18

19

20

21

22

23

24

25

26

4