IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS R. KIMES,

      Plaintiff,                        No. CIV S-09-0853 KJM DAD PS

      vs.

ERIK K. SHINSEKI, Secretary,         <u>ORDER</u>
U.S. Department of Veteran Affairs,

      Defendant.
_____/

        On October 11, 2011, the undersigned issued a Status (Pretrial Scheduling) Order that required plaintiff Curtis Kimes, who is proceeding pro se, to file with the court the names of any experts he intended to call at trial no later than April 6, 2012. After plaintiff failed to comply with that date, on November 7, 2012, the undersigned issued a second Status (Pretrial Scheduling) Order, requiring plaintiff to file with the court the names of any experts he intended to call at trial no later than February 1, 2013.

        On February 1, 2013, plaintiff filed a motion with the court requesting a forty-five day extension of the deadline to file with the court the names of any experts he intends to call at trial. (Doc. No. 55.) Therein, plaintiff includes a declaration from attorney Anthony A. Ferrigno, Esq., who states that he has agreed to represent plaintiff in this matter if attorney Ferrigno and plaintiff can subject to the condition that he can secure "forensic medical support" for plaintiff's

1

"claim on the issues of standard of care, causation and damages." (Doc. No. 55 at 6.) Attorney Ferrigno states that securing a medical expert will require an extension of the February 1, 2013 deadline but that he is willing to comply with the court's Status (Pretrial Scheduling) Order in all other respects. Defendant opposes plaintiff's motion. (Doc. No. 56.)

Upon consideration of the parties' arguments on file, the undersigned finds good cause to grant plaintiff's motion in part and modify the Status (Pretrial Scheduling) Order issued on November 7, 2012. The undersigned, however, does not find good cause to grant plaintiff a forty-five day extension of time for the stated purpose. As the court previously advised plaintiff, this matter was initiated by plaintiff on March 27, 2009, has been pending before the court for almost four years now and the court has granted the plaintiff the maximum amount of leeway allowable under the law in light of his pro se status. Eventually, however, this matter must proceed to resolution. In this regard, no further modifications of the scheduling order will be granted for the purpose of allowing plaintiff additional time to retain counsel or expert witnesses under any circumstances and further modifications of that scheduling order for any other purpose will be permitted only based upon a compelling showing of good cause.

Accordingly, IT IS ORDERED that:

1. Plaintiff's February 1, 2013 application for an extension of time (Doc. No. 55) is granted in part;

2. The November 7, 2012 Status (Pretrial Scheduling) Order is modified as follows;

3. Plaintiff shall designate in writing and file with the court and serve upon defendant's counsel the names of any experts that plaintiff proposes to call at trial not later than **March 1, 2013**. Defendant shall designate in writing and file with the court and serve upon plaintiff the names of any experts that defendant proposes to tender at trial not later than **March 15, 2013**. Plaintiff shall designate and disclose any rebuttal experts not later than **March 22, 2013**;

4. All discovery shall be conducted so as to be <u>completed</u> by **April 29, 2013**;

5. All law and motion, <u>except as to discovery</u>, shall be conducted so as to be <u>completed</u> by **June 17, 2013**;

6. The dates for the Final Pretrial Conference and Bench Trial shall remain as set forth in the November 7, 2012 Status (Pretrial Scheduling) Order; and

7. Plaintiff is advised that no further extensions of time will be granted for this purpose.

DATED: February 15, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\kimes0853.eot

3